NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
Assistant United States Attorney
Terrorism and Export Crimes Section
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0552
Facsimile: (213) 894-0141
E-mail: Reema.El-Amamy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO J. LOPEZ DE TIRADO,<br><br>Defendant. | No. 19-00048-FMO<br><br><u>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:** 4/9/19<br>**PROPOSED TRIAL DATE:** 5/28/19 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Reema M. El-Amamy, and defendant Sergio J. Lopez de Tirado ("defendant"), both individually and by and through his counsel of record, Roger H. Ponce, Jr., hereby stipulate as follows:

1. The Indictment in this case was filed on February 15, 2019. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on February 4, 2019. The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 26, 2019.

2. On February 27, 2019, the Court set a trial date of April 9, 2019.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately two days.

4. By this stipulation, defendant moves to continue the trial date to May 28, 2019. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged with violations of 26 U.S.C. § 5861(d): Possession of Unregistered Firearms and Destructive Device; 26 U.S.C. § 5861(i): Possession of Firearms without Serial Numbers; and 18 U.S.C. § 506(a)(3): Possession of Fraudulently Made Government Seal. The government has produced discovery to the defense, including approximately 500 pages of written discovery, numerous recorded conversations, and analysis of the firearms and destructive device.

b. Defense counsel for defendant Lopez de Tirado is presently scheduled to be in a single defendant immigration trial in United States v. Monje-Campos, CR No. 18-334-JGB, on April 30, 2019, which is estimated to last three days; a single defendant immigration trial in United States v. Marchan-Moreno, CR No. 18-313-JGB, on April 30, 2019, which is estimated to last three days; a single defendant immigration trial in United States v. Chavez-Suales, CR No. 18-871-DSF, on May 14, 2019, which is estimated to last three days; a single defendant mail theft trial in United States v. Lopez, CR No. 19-15-

FMO, on August 13, 2019, which is estimated to last three days; a single defendant fraud trial in United States v. Wright, CR No. 17-229-JGB, on August 20, 2019, which is estimated to last one week; and a single defendant tax trial in United States v. Bernal, CR No. 18-102-DSF, on September 24, 2019, which is estimated to last one week. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e. The government does not object to the continuance.

f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of April 9, 2019 to May 28, 2019, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

//

//

//

//

//

//

//

Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: April 2, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

/s/
REEMA M. EL-AMAMY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am SERGIO J. LOPEZ DE TIRADO's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than May 28, 2019 is an informed and voluntary one.

ROGER H. PONCE, JR.
Attorney for Defendant
SERGIO J. LOPEZ DE TIRADO

4-3-2019
Date

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up

my right to be brought to trial earlier than May 28, 2019.

4-3-2019

SERGIO J. LOPEZ DE TIRADO
Defendant

Date