NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
Assistant United States Attorney
Terrorism and Export Crimes Section
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0552
Facsimile: (213) 894-2927
E-mail: Reema.El-Amamy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO J. LOPEZ DE TIRADO,<br><br>Defendant. | No. ED CR 19-048-FMO<br><br><u>PLEA AGREEMENT FOR DEFENDANT SERGIO J. LOPEZ DE TIRADO</u> |

1. This constitutes the plea agreement between SERGIO J. LOPEZ DE TIRADO ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in United States v. Lopez de Tirado, CR No. 19-048-FMO,

which charges defendant with Possession of an Unregistered Firearm and Destructive Device in violation of 26 U.S.C. § 5861(d).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d. Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of Title 18, Title 21, or Title 26 arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 12 below. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

e. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Possession of an Unregistered Firearm and Destructive Device, in violation of Title 26, United States Code, Section 5861(d), the following must be true: First, the defendant knowingly possessed a firearm, a firearm

silencer, or a destructive device, namely, either a CMMG Incorporated, Model - MK9, 9mm semiautomatic short-barreled rifle, bearing serial no. BNG00474, with a barrel less than 16 inches in length; a firearm silencer of unknown manufacturer; or an improvised destructive device bearing no serial number. As to the rifle, the defendant was aware that the firearm was a rifle with a barrel or barrels of less than 16 inches in length, and the defendant had not registered short-barreled rifle with the National Firearms Registration and Transfer Record. As to the firearm silencer, the defendant was aware that the firearm silencer was a firearm silencer; and the defendant had not registered the firearm silencer with the National Firearms Registration and Transfer Record. As to the improvised destructive device bearing no serial number, the defendant was aware that the improvised destructive device was a firearm and a destructive device, and the defendant had not registered the improvised destructive device with the National Firearms Registration and Transfer Record. The government need not prove that the defendant knew that possessing the rifle, the firearm silencer, or the improvised destructive device was illegal.

PENALTIES

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 5861(d), is: 10 years imprisonment; a 3-year period of supervised release; a fine of $10,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject

to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration

consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support plea of guilty to the charges described in this agreement but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On December 21, 2018, defendant LOPEZ DE TIRADO, was found by law enforcement to be asleep in his car. Upon conducting a search of the vehicle, and law enforcement found a number of guns, including a short barreled rifle, two silencers, an explosive device on his person, and other items, including high capacity magazines, ammunition, tactical gear, a double blade knife, a baton, tracer rounds of ammunition, brass knuckles, and a Kevlar helmet.

The improvised destructive device ("IED") was constructed using a thin green plastic body shaped like a military MK 2 style hand grenade, approximately 5″ tall by 2.5″ wide. The IED contained metal screws, BBs and pellets mixed with a gelatinous mixture that contained tube morphology single base smokeless powder. A red burning time delay fuse approximately 5″ in length protruded from the top of the device, and the other end was attached to an M-70 firework and inserted into the explosive mixture. The top of the IED was wrapped with black tape, which

secured a clear plastic cap. An additional search was done of the defendant's residence was done the same night, and law enforcement recovered items that could be used to manufacture firearms, and a 3D aluminum cast of a lower receiver for an AR15.

In addition to the IED that was seized from defendant LOPEZ DE TIRADO, law enforcement recovered (1) a firearm silencer attached to a Warrior One, Model - War 1 Multi-Cal, .223 caliber semiautomatic rifle, bearing serial no. 0630; (2) another firearm silencer; and (3) a CMMG Incorporated, Model - MK9, 9mm semiautomatic short-barreled rifle. The barrel length was 11.25 inches with a barrel attachment, and 8.5 inches without the attachment.

Defendant LOPEZ DE TIRADO admits that, on December 21, 2018, he knowingly possessed the two firearm silencers, the IED, which is a destructive device, and the short-barreled 9mm rifle. As to the 9mm rifle, defendant admits that he was aware that the rifle had a barrel or barrels of less than 16 inches in length, and that he had not registered short-barreled rifle with the National Firearms Registration and Transfer Record. As to the firearm silencer, the defendant admits that he was aware that he possessed two firearm silencers, and that he had not registered the two firearm silencers with the National Firearms Registration and Transfer Record. The defendant admits that he was aware that the IED was a firearm and a destructive device, and that he had not registered the IED with the National Firearms Registration and Transfer Record.

SENTENCING FACTORS

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

11. Other than an agreement that U.S.S.G. § 2K2.1 is the applicable guideline section that the Court should use to calculate the sentence in this case, except as set forth in paragraph 3(e), defendant and the USAO have no agreement as to the appropriate sentence or the applicable Sentencing Guidelines factors. Except as set forth in paragraph 3(e), both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history score and category, base offense level, specific offense characteristics, adjustments, departures, and variances.

12. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

WAIVER OF CONSTITUTIONAL RIGHTS

13. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

14. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

15. Defendant agrees that, provided the Court imposes a total term of imprisonment on the count of conviction of no more than 46 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 18-10 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

16. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statute of

conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

17. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 30 months, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

18. Defendant agrees that if, after entering guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

//

//

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

19. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

23. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

to the United States Probation and Pretrial Services Office and the Court, and (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

~~30~~ 28. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

| | |
|---|---|
| REEMA M. EL-AMAMY<br>Assistant United States Attorney | 4/12/19<br>Date |
| SERGIO J. LOPEZ DE TIRADO<br>Defendant | 4/12/19<br>Date |
| ROGER H. PONCE, JR.<br>Attorney for Defendant SERGIO J. LOPEZ DE TIRADO | 4-12-19<br>Date |

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

SERGIO J. LOPEZ DE TIRADO
Defendant

4/12/19
Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am SERGIO J. LOPEZ DE TIRADO's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

ROGER H. PONCE, JR.
Attorney for Defendant SERGIO J.
LOPEZ DE TIRADO

4-12-19
Date