NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
REEMA EL-AMAMY (Cal. Bar No. 237743)
Assistant United States Attorney
Terrorism and Export Crimes Section
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0552
Facsimile: (213) 894-0142
E-mail: reema.el-amamy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO JOSE LOPEZ DE TIRADO,<br><br>Defendant. | No. ED CR 19-048-FMO<br><br><u>GOVERNMENT'S SENTENCING POSITION</u><br><br>Sentencing: 10/30/19 at 2:30 p.m.<br><br>Location: Courtroom of the Hon. Fernando M. Olguin |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Reema M. El-Amamy, hereby files its sentencing position.

//

//

//

//

//

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 7, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

*/s/ Reema M. El-Amamy*
REEMA M. EL-AMAMY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

On April 16, 2019, Sergio Jose Lopez de Tirado ("defendant") pleaded guilty to Count One of the indictment, which charged defendant with Possession of Unregistered Firearms and a Destructive Device, in violation of 26 U.S.C. § 5861(d). For the reasons set forth below, the government recommends a sentence of 46 months' imprisonment, which is at the high-end of the range set forth by the United States Sentencing Guidelines (the "Guidelines" or "USSG"), with a three-year period of supervised release to follow.

## II. STATEMENT OF FACTS

On December 21, 2018, the defendant was found by law enforcement to be asleep in his car. Upon conducting a search of the vehicle, law enforcement found: (1) two unregistered firearm silencers, including one that was attached to a semiautomatic rifle; (2) an unregistered 9mm semiautomatic short-barreled rifle less than 16 inches in length; (3) an unregistered improvised destructive device; and (4) other items, including high capacity magazines, ammunition, knives, a baton, tracer rounds of ammunition, brass knuckles, a Kevlar helmet, a small bag of marijuana and a baggie of methamphetamine. Officers also found other items under the passenger side rear seat that are consistent with construction of an improvised explosive device. That same evening, officers located enough bomb making materials in the defendant's residence to construct several more improvised explosive devices. The defendant was taken into state custody, and was released on bond. While on bond, on January 30, 2019, the defendant unlawfully obtained access to an unregistered

AR-type rifle with a barrel less than 16 inches in length and bearing no serial number.

**III. RECOMMENDED SENTENCE**

On August 15, 2019, the United States Probation Office ("USPO") filed a Presentence Report ("PSR"). The USPO determined that the defendant's Base Offense Level under the Guidelines is 18. (PSR at ¶ 20.) The USPO increased the Base Offense Level by four points to account for the number of firearms and the presence of a destructive device. (PSR at ¶¶ 26-27.) The USPO also determined that a three-point reduction for acceptance of responsibility was appropriate. (PSR at ¶¶ 33-34.) Accordingly, the USPO determined that the defendant's Total Offense Level is 19, his criminal history category is III, and his Guidelines sentencing range is 37 to 46 months' imprisonment. The government does not object to the USPO's calculations.

For the reasons explained below, the government recommends that the Court sentence the defendant to 46 months' imprisonment, with a three-year period of supervised release, and a $100 special assessment. Such a sentence is sufficient, but not greater than necessary given the nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law and provide just punishment, and to afford adequate deterrence to criminal conduct.

Defendant Lopez de Tirado has taken responsibility for his actions by acknowledging his role in the crime by pleading guilty. However, given the amount of weapons that the defendant possessed and the potential danger caused by the defendant's conduct, the government respectfully submits that a sentence of less than 46

months is not appropriate. Indeed, even after the defendant was arrested on December 21, 2018 and was on a bond ordered by the state court, the defendant violated the state court's trust by unlawfully possessing an unregistered AR-type short barrel firearm with no serial number. (PSR at ¶ 16.) It was at that point that federal charges were filed against the defendant in the instant matter. To date, the government is unaware of how the defendant was able to gain access to a loaded, unregistered firearm with no serial number while on bond and facing serious state court charges in January 2019. Moreover, at the same time that the defendant was unlawfully possessing firearms and a destructive device, he was regularly using methamphetamine, even while he was on bond. (PSR at ¶¶ 70, 74.)

The defendant's prior criminal history is also an aggravating factor. In 2011, the defendant was involved in a domestic altercation during which a firearm was apparently discharged. (PSR at ¶ 39.) There was some evidence that the defendant relocated to a hotel in order to avoid service of a subpoena related to that case. (PSR at ¶ 39.) Only a year later, the defendant was convicted of unlawfully purchasing or receiving a firearm. (PSR at ¶ 40.)

A sentence in the high end of the Guidelines range acknowledges the defendant's acceptance of responsibility, while taking into account the seriousness of the offense and defendant's overall conduct. This sentence will help promote respect for law enforcement and deter future criminal conduct, including that from would-be defendants, by holding defendant accountable for the crime he committed. Similarly, a sentence of 46 months will help avoid unwarranted sentence disparities between this defendant and other similarly situated defendants. The recommended 46-month sentence

appropriately reflects the seriousness of the offense, the history and characteristics of the defendant, the need to promote respect for the law and provide just punishment, and the need to provide adequate deterrence.

**III. CONCLUSION**

For the foregoing reasons, a 46-month sentence is sufficient, but not greater than necessary to accomplish the goals set forth in 18 U.S.C. § 3553(a), and the government respectfully requests that the Court impose this sentence.